IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JERRI MESTER, | § § § | |
| Plaintiff | § § | |
| v. | § § | C. A. 4:20-cv-039005 |
| TARGET CORPORATION, | § § | (JURY) |
| Defendant | § § § | |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Defendant Target Corporation, ("Target") hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removing the above-captioned case to the United States District Court for the Southern District of Texas, Houston Division. The grounds for removal are as follows:

### I.  Introduction

1. Plaintiff Jerri Mester ("Plaintiff" or "Mester"), at the time this action was commenced, was, and still is, a resident and a citizen of Texas.

2. Target, at the time this action was commenced, was, and still is, a resident and a citizen of Minnesota.

3. Plaintiff claims that on or about August 3, 2019, she was shopping in the Target store, located at 300 Meyerland Plaza Mall, Houston, Harris County, Texas, and "was struck by a large, colorful object, which protruded from Defendant's shelf." Plaintiff's Original Petition at para. 6. Plaintiff contends that she suffered severe injuries as a result of same. *Id.*

4.     On or about October 19, 2020, Plaintiff commenced a lawsuit in the 55th Judicial District Court of Harris County, Texas, Cause No. 2020-66768, styled *Jerri Mester v. Target Corporation*. *Id.* at p. 1.

5.     Plaintiff avers, inter alia, that Target was negligent in failing to maintain the area in question. *Id*. at p. 2. Consequently, Plaintiff seeks to recover damages for negligence. *Id*.

## II.  Grounds for Removal

**A.     Complete Diversity of Citizenship Exists Between the Parties and the Amount in Controversy Exceeds $75,000.00.**

6.     Plaintiff is a citizen and a resident of Texas. Target is a citizen and a resident of Minnesota. Thus, the parties are completely diverse. *See* 28 U.S.C. § 1332(a).

7.     Plaintiff is seeking in excess damages in excess of $75,000.00. In particular, Plaintiff's petition seeks "monetary relief over one hundred thousand dollars but not more than $1,000,000". *See* Plaintiff's Original Petition at para. 3. Therefore, the amount in controversy exceeds $75,000.00.

**B.     Venue is Proper in This Division and in This District.**

8.     Plaintiff filed this action in Harris County, Texas. The Houston Division of the Southern District of Texas encompasses Harris County, Texas. Thus, this district and division embrace the place where the state court action is pending. *See* 28 U.S.C. §1441(a).

## III.  Procedural Requirements for Removal

9.     This Notice of Removal is filed within thirty days of the date on which Defendant received the summons and complaint. Thus, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

10. Copies of all processes, pleadings, and orders have been filed separately with this Court. *See* 28 U.S.C. § 1446(a).

11. Pursuant to Local Rule 81 of the Southern District of Texas, the following documents are attached to this Notice of Removal: copy of all processes, attached hereto as Exhibit "A"; all pleadings and orders signed by the Judge attached hereto as Exhibit "B"; an Index of Matters Being Filed, attached hereto as Exhibit "C"; and a list of all Counsel of Record, including addresses, telephone numbers and parties represented is attached hereto as Exhibit "D".

12. A copy of this Notice of Removal will be filed with the Harris County District Clerk's office promptly and will be served on Plaintiff promptly. *See* 28 U.S.C. § 1446(d); *see also Nixon v. Wheatley*, 368 F. Supp. 2d 635, 640 (E.D. Tex. 2005) (Crone, J).

13. The filing fee has been paid to the Clerk.

### IV. Prayer

14. WHEREFORE, PREMISES CONSIDERED, Defendant Target Corporation prays that the above-styled action now pending in the 55th Judicial District Court of Harris County, Texas be removed there from to this Honorable Court.

15. This Notice of Removal is filed subject to and without waiver of any defenses or objections to Plaintiff's Original Petition as allowed by the Federal Rules of Civil Procedure or by any applicable law.

Respectfully submitted,

**GERMER PLLC**

By: __/s/ Valerie Ly w/ permission
    Troy A. Williams
    State Bar No. 00788678

>                               Federal I.D. No. 19043
>                               America Tower
>                               2929 Allen Parkway, Suite 2900
>                               Houston, Texas  77019
>                               Telephone: (713) 650-1313
>                               Facsimile: (713) 739-7420
>                               Email: twilliams@germer.com
>
>                               **LEAD ATTORNEY FOR DEFENDANT**
>                               **TARGET CORPORATION**

**OF COUNSEL:**
Valerie L. Ly
State Bar No. 24053692
Federal I.D. No. 2387134
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
Email: vly@germer.com

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been duly sent via CM/ECF on November 17, 2020 to all counsel of record, as follows:

> *lkeating@ktnglaw.com*
> Landon S. Keating
> Keating Law Firm
> 15825 S. H. 249, Suite 35
> Houston, Texas  77086
> *Attorney for Plaintiff*

>                               /s/ Valerie Ly
>                               Valerie Ly

4