EXHIBIT B

10/19/2020 12:13 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 47289887
By: Rhonda Momon
Filed: 10/19/2020 12:13 AM

# 2020-66768 / Court: 055

## CAUSE NO. _____

| | | |
|---|---|---|
| **JERRI MESTER** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **TARGET CORPORATION** | § | |
| | § | **_____ JUDICIAL DISTRICT** |
| *Defendant.* | § | |

## PLAINTIFF'S ORIGINAL PETITION AND FIRST SET OF DISCOVERY TO DEFENDANT

Plaintiff JERRI MESTER complains of TARGET CORPORATION and, for cause, would respectfully show that:

### Discovery Level

1.       Plaintiff intends to conduct discovery under level 3.

### Jurisdiction & Venue

2.       This case arises under the common law of Texas. This Court has jurisdiction over this controversy and venue is proper because all or a substantial portion of the events giving rise to this claim occurred in Harris County, Texas.

### Statement Regarding Monetary Relief Sought

3.       Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiffs seek monetary relief of over one hundred thousand dollars, but no more than $1,000,00.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees and judgment for all other relief to which Plaintiffs are justly entitled. Plaintiff reserves her right to amend her statement of damages, as the full scope of her damages are not, as of yet, known.

**Parties**

4.      Plaintiff JERRI MESTER is a resident of the State of Texas.

5.      Defendant TARGET CORPORATION (hereinafter "Target") is a foreign limited liability corporation organized in accordance with the laws of the State of Minnesota and operating a business for profit in the State of Texas, at 300 Meyerland Plaza Mall, Houston, Harris County, Texas. Defendant Target may be served with process by serving its registered agent, C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201. Plaintiff requests issuance of citation to Defendant Target, at this time.

**Background**

6.      This lawsuit is necessary as a result of personal injuries sustained by Plaintiff on or about August 3, 2019. At that time, JERRI MESTER ("Plaintiff") was an invitee at Defendant's premises located at 300 Meyerland Plaza Mall, Houston, Harris County, Texas. Plaintiff entered Defendants store to shop and, while walking on the premises of Defendant's facility, Plaintiff, who had no reason to believe her progress would be impeded, was struck by a large, colorful object, which protruded from Defendant's shelf. This protruding object was camouflaged by the array of colorful items on the same shelf, which inhibited Plaintiff from being able to notice that the obstacle protruded from the shelf, creating the circumstance whereby it (the protruding object) and Plaintiff were caused to collide, injuring Plaintiff.

7.      At the time of the incident in question, Plaintiff was an invitee of Defendant. Defendant knew or should have known of the unreasonably dangerous condition and neither corrected nor warned Plaintiff of it. Plaintiff did not have any knowledge of the dangerous condition and could not have reasonably been expected to discover it. Defendant either created the condition and/or failed to correct the condition or to warn Plaintiff about the dangerous condition,

2

which constituted negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

8.    Plaintiff would show that, based on the above-described facts, Defendant was negligent. Defendant, as occupier and owner of the premises, with control over the premises, had a duty to inform Plaintiff of the dangerous condition and make safe the defective condition existing on Defendant's premises.

9.    Defendant is liable to Plaintiff under the theory of premises liability and negligence based on the following negligent conduct:

(a).    Failure to maintain the premises, including the shelved, floor and walkways, in a reasonably safe condition;

(b).    Failure to inspect the premises where the dangerous condition existed;

(c).    Failure to correct the condition by taking reasonable measure to safeguard persons who entered the premises;

(d).    Failure to inform Plaintiff of the dangerous condition existing on the premises; and

(e).    Other acts deemed negligent.

10.    Each of the foregoing negligent acts and/or omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages that are described below.

11.    Defendant was also negligent in that he failed to act as reasonably prudent premise owner would act in the same or similar situation.

**Damages**

12.    As a direct and proximate result of the above-described actions of Defendant, Plaintiff will show that she has suffered actual damages within the jurisdictional limits of this Court.  Plaintiff has suffered physical pain and suffering and mental anguish in the past and will

suffer physical pain and suffering and mental anguish in the future. Plaintiff has suffered physical impairment, loss of enjoyment of life, and disfigurement in the past and will continue to suffer these damages in the future.  Plaintiff has lost wages and suffered future loss of earning capacity. Plaintiff has incurred medical and pharmaceutical expenses in the past and will incur medical and pharmaceutical expenses in the future as a result of this wholly unnecessary incident.

## Jury Demand

14.     Plaintiff hereby demands a trial by jury.

## Request for Disclosures

15.   Pursuant to Rule 194, Tex. R. Civ. P., Plaintiff requests that Defendant disclose, within fifty days of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l).

## Other Discovery

16.     Plaintiff's refers you to the attached Request for Admissions, Interrogatories and Request for Production and notifies you that a response is required within 50 days of service of these requests.

## Rule 193.7 Notice

17.     Plaintiff's hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pre-trial proceeding and/or at trial of this matter without the necessity of authenticating the documents.

## Prayer

For the reasons discussed herein, Plaintiff prays this court cite Defendant to appear and answer herein and that Plaintiff have judgment taken against Defendant, and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, exemplary damages,

4

costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled including but not limited to:

- Past and future medical damages;
- Past and future physical pain and suffering and mental anguish;
- Past and future impairment;
- Past and future disfigurement;
- Costs of Court; and
- Whatever further relief the Court may deem justly appropriate.

Respectfully submitted,

**THE KEATING LAW FIRM**

_/s/ Landon S. Keating_
Landon S. Keating
Texas State Bar No. 24086647
15825 SH 249, Ste. 35
Houston, Texas 77086
(832) 596-4030 Tel.
(832) 213-1410 Fax
LKeating@KTNGLaw.com

**ATTORNEY FOR PLAINTIFF**

11/13/2020 10:58 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 48072566
By: Iliana Perez
Filed: 11/13/2020 10:58 AM

CAUSE NO. 2020-66768

| | | |
|---|---|---|
| JERRI MESTER, | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| Plaintiff | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant | § | 55th JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Target Corporation, Defendant in the above entitled and numbered cause, and in answer to the Plaintiff's pleadings on file herein, would respectfully show unto the Court as follows:

### A.
### GENERAL DENIAL

1.      Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and respectfully request that Plaintiff be required to prove the charges and allegations against this Defendant by the evidence as is required by the laws of the State of Texas.

### B.
### CREDIT / OFFSET

2.      In the unlikely event that Defendant is found liable to Plaintiff, Defendant affirmatively pleads that it is entitled to a dollar-for-dollar credit/offset for any and all sums Plaintiff has received or may hereafter receive by way of any and all payments or settlements of any claims, causes of action, or potential causes of action arising out of the

incident made the basis of this lawsuit. This written election is being made pursuant to §33.012(b)(1) of the Texas Civil Practice & Remedies Code.

## C.
## RIGHT TO SUPPLEMENT

3.      Defendant respectfully reserves the right at this time to amend this Original Answer to the Plaintiff's allegations after said Defendant has had the opportunity to investigate more closely these claims, as is the right and privilege of said Defendant under the Rules of Civil Procedure and the laws of the State of Texas.

## D.
## DISCOVERY DOCUMENTS

4.      By way of further answer, Defendant hereby gives actual notice to the Plaintiff, that any and all documents produced during discovery may be used against the party Plaintiff, if any, at any pre-trial proceeding and/or trial of this matter without the necessity of authenticating the document. This notice is given pursuant to Rule 193.7 of the Texas Rules of Civil Procedure.

## E.
## PAID OR INCURRED

5.      Defendant invokes §41.0105 of the Texas Civil Practice and Remedies Code and request that, to the extent Plaintiff seeks recovery of medical or healthcare expenses, the evidence to prove such loss be limited to the amount actually paid by or on behalf of the Plaintiff, as opposed to the amount charged.

**F.**
**NET LOSS REDUCTION**

6.      Defendant also invokes §18.091 of the Texas Civil Practice and Remedies Code and requests that, to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, or a loss of inheritance, that the evidence to prove such loss must be present in the form of a net loss after reduction for income tax payments or unpaid tax liability.  Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal income taxes.

**G.**
**CONTRIBUTORY NEGLIGENCE**

7.      Defendant affirmatively pleads that Plaintiff failed to keep a proper lookout and therefore, Plaintiff was the sole cause of her accident and damages or alternatively, Plaintiff contributed to the accident.

**H.**
**OPEN AND OBVIOUS**

8.      Defendant affirmatively pleads that condition of which the Plaintiff complains was open and obvious.

**I.**
**PROXIMATE CAUSE**

9.      Defendant will further show that nothing Defendant did or failed to do was a proximate cause of the Plaintiff's injuries.  Further, the Plaintiff's alleged injuries pre-existed the incident and were caused by some other source or condition.  Alternatively, the Plaintiff's alleged complaints were caused by some subsequent source.

**J.**
**FAILURE TO MITIGATE**

10.     Defendant affirmatively pleads that Plaintiff failed to mitigate her damages.

**K.**
**JURY DEMAND**

11.     Defendant herein demands a trial by jury on all contested fact issues. On this date, a jury fee has been paid.


WHEREFORE, PREMISES CONSIDERED, the above-named Defendant, Target Corporation, having fully answered herein, prays that Plaintiff take nothing by reason of this suit, and that Defendant be discharged.  Defendant prays further that all court costs expended or incurred in this cause be assessed and taxed against Plaintiff, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself justly entitled.

Respectfully submitted,

GERMER, PLLC

By: _____
        TROY A. WILLIAMS
        State Bar No. 00788678
        VALERIE LY
        State Bar No. 24053602
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: *twilliams@germer.com*
E-Mail: *vly@germer.com*
ATTORNEYS FOR DEFENDANT,
TARGET CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 13th day of November, 2020:

*lkeating@ktnglaw.com*
Landon S. Keating
Keating Law Firm
15825 S. H. 249, Suite 35
Houston, Texas  77086
*Attorney for Plaintiff*

_____

TROY A. WILLIAMS

CAUSE NO. 2020-66768

| | | |
|---|---|---|
| | § | IN THE DISTRICT COURT OF |
| JERRI MESTER, | § | |
| | § | |
| Plaintiff | § | |
| | § | HARRIS COUNTY, TEXAS |
| v. | § | |
| | § | |
| TARGET CORPORATION, | § | |
| | § | |
| Defendant | § | 55th JUDICIAL DISTRICT |

## RULE 216 REQUEST FOR JURY TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

In accordance with the provisions of Rule 216 of the Texas Rules of Civil Procedure, Defendant, Target Corporation, requests that when this case proceeds to trial it be placed on the Court's jury trial docket.

Respectfully submitted,

GERMER, PLLC

By: _____
          TROY A. WILLIAMS
          State Bar No. 00788678
          VALERIE LY
          State Bar No. 24053602
America Tower
2929 Allen Parkway, Suite 2900
Houston, Texas  77019
Telephone: (713) 650-1313
Facsimile: (713) 739-7420
E-Mail: *twilliams@germer.com*
E-Mail: *vly@germer.com*

ATTORNEYS FOR DEFENDANT,
TARGET CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly served on the following counsel through the Court's e-service on this the 13th day of November, 2020:

lkeating@ktnglaw.com
Landon S. Keating
Keating Law Firm
15825 S. H. 249, Suite 35
Houston, Texas  77086
*Attorney for Plaintiff*

_____
TROY A. WILLIAMS